Reuben M. GINSBERG, Glenn Justice Mortgage Company, Inc., George Cramer, Donald J. Forman and 505 North Ervay Building, a Joint Venture, Relators,

v.

The Honorable H. Dee JOHNSON, Respondent.

No. 05–84–00439–CV.

Court of Appeals of Texas, Dallas.

June 25, 1984.

Rehearing Denied July 31, 1984.

Alan S. Loewinsohn, Thomas A. Graves, Ernest E. Figari, Jr., Johnson & Swanson, Dallas, for relators.

Rim Nall, Nall, Stagner & Pelley, David Stagner, Sherman, for respondent.

Before STEPHENS, SPARLING and SHUMPERT, JJ.

STEPHENS, Justice.

By Petition For Writ of Mandamus, relators seek an order of this court directed to the Honorable H. Dee Johnson, Judge of the 44th Judicial District Court of Dallas County, Texas, directing him to vacate his order of April 24, 1984, in cause # 81–12919–B, pending in such court, styled Ruby Lee Gaynier, Individually and as Independent Executrix of the Estate of William N. Gaynier, Deceased, Plaintiff, v. Reuben M. Ginsberg, et al., Defendants. The subject order was a protective order granted plaintiff in that case, denying defendants the right to take the oral deposition of one Francis M. Sellers who is the custodian of the medical records of plaintiff's psychiatrist. Relators' Petition for Writ of Mandamus is denied.

The suit pending in the 44th District Court is a suit to set aside a conveyance of real property. In 1982, defendants sought and obtained an order from the Honorable Oswin Chrisman, the then presiding judge of the 44th District Court, directing plaintiff to produce the medical records of her psychiatrist for an *in camera* inspection by Judge Chrisman. Over substantial objection, the medical records were produced, and, after inspection, Judge Chrisman delivered the records to defendants. Next, defendants sought to take the oral deposition of plaintiff's psychiatrist. Plaintiff again asserted her privilege against disclosure, yet Judge Johnson entered an order permitting the psychiatrist's deposition, but imposing restrictions as to who might be present, and ordered the transcription of the deposition sealed for his *in camera* inspection. Plaintiff then sought relief in this court by way of mandamus, seeking protection from discovery of privileged matter. Plaintiff's Petition for Writ of Mandamus was granted by this court, and by opinion issued February 14, 1984, 673

S.W.2d 899, Judge Johnson was instructed to vacate his order permitting the deposition of the psychiatrist. Defendants filed a Motion for Rehearing, and before an opinion on the Motion for Rehearing was handed down, the psychiatrist died. On Motion of the plaintiff, defendant's Motion for Rehearing was dismissed as moot, and the order of Mandamus was withdrawn, yet the opinion handed down by this court before the death of the psychiatrist was permitted to stand, despite defendant's Motion to Withdraw the opinion.

Our opinion of February 14, 1984, set forth in detail this court's view of the privilege afforded a patient under TEX.REV. CIV.STAT.ANN. art. 5561h sec. (2), (3) (Vernon Supp.1984) and TEX.R.EVID. 510. In that opinion, we expressly declined to address the question of the admissibility of the medical records which were produced under protest, and delivered to defendants, because the question was not then before the court. However, the question is now indirectly before the court by defendants seeking to take the deposition of the custodian of the medical records for the purpose of authenticating the records as a prerequisite for their admission at trial. We are of the opinion, and we now hold that the medical records of plaintiff's deceased psychiatrist are inadmissible. We adhere to the same rationale and rely on the same authority and reasoning as expressed in our opinion of February 14, 1984. We further hold that Judge Johnson, by granting plaintiff the protective order denying defendant's request to take the oral deposition of the custodian of the medical records, acted properly by denying discovery of inadmissible evidence. Relators seem to rely heavily upon the fact that they have been in possession of the medical records for more than a year. We hold that the trial judge who ordered production of these medical records in the first instance, and then delivered the records to defendants, over the claim of privilege asserted by plaintiff, erred in doing so. The fact that the records may contain evidence favorable to defendants is of no consequence. The records were privileged and should not have been disclosed to anyone.

Defendants' Petition for Writ of Mandamus is denied.